(101 So. 528)

### MARONEY v. STATE.   (4 Div. 923.)

(Court of Appeals of Alabama. June 24, 1924. Rehearing Denied July 22, 1924.)

1. Witnesses ⟐245—Question held to call for repetition.

Where state's witness testified that in identifying whisky he went altogether by his nose, further question as to whether he would swear what his nose told him called for repetition.

2. Criminal law ⟐351(1)—Question why witness had not brought whisky with him held properly excluded.

Witness was under no duty to produce whisky in absence of court's order therefor, and there was no error in excluding question, "If that was whisky, why didn't you bring it here?"

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Tom Maroney was convicted of manufacturing prohibited liquors, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Maroney, 211 Ala. 613, 101 So. 529.

The original indictment, certified to the Court of Appeals, is a printed form, setting out that "the grand jury of said county charge that before the finding of this indictment," with blanks for the name of the defendant and the nature of the offense. The blanks are filled in with a typewriter, and following the matter above quoted there appears the name of the defendant in clear type: "Tom Maroney, alias Tom Mahoney."

After the name comes the nature of the offense, but in type dim and somewhat indistinct as to some of the words, appearing to be an imperfect carbon impression, as follows: "Did distill, make, or manufacture alcoholic or spirituous liquors or beverages contrary to law." In the first two words, "did distill," insisted by appellant to be unintelligible, all of the letters except the d's are distinct; these three letters appearing in dimmer outline.

Guy W. Winn, of Clayton, for appellant.

The omission of a word forming an integral part of the offense charged in the indictment is fatal. 22 Cyc. 292; Wood v. State, 50 Ala. 144; Parker v. State, 114 Ala. 690, 22 So. 791; Griffith v. State, 90 Ala. 583, 8 So. 812.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue the points raised, but without citation of authorities.

SAMFORD, J. The original indictment is certified to us to sustain the defendant's demurrer on the ground that the indictment charges no offense known to the law, because in the place of the words "did distill" there appears a jumble of letters which are meaningless. Upon an examination of the words through and with the aid of a powerful glass, and a comparison of the letters with other parts of the indictment, we are of the opinion that the letters, "d," while blurred, were so written, and sufficiently charge the offense.

[1] The witness Brannon had already testified under oath that in identifying the whisky he "went altogether by his nose." Therefore the question, "Will you swear what your nose tells you?" called for a repetition of what had already been testified to by this witness.

[2] The witness was under no duty to produce the whisky in the absence of an order of the court, and hence the court did not err in sustaining the state's objection to the question, "If that was whisky, why didn't you bring it up here?"

We find no error in the record, and the judgment is affirmed.

Affirmed.